UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAU E. HANSEN,<br><br>     Plaintiff,<br><br>v.<br><br>JANIECE PRICE; SHERIFF TONY MANU; SGT. LIVERMORE; and LT. JOHNSON,<br><br>     Defendants. | Case No. 4:25-cv-00058-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Beau E. Hansen's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for

relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

## 2.    Factual Allegations

At the time Plaintiff filed the Complaint in this case, he was an inmate in the

Bannock County Jail. It appears Plaintiff has since been released from jail, either because he is no longer subject to criminal charges or because he was released on bail.

Plaintiff claims that he has been deprived of his constitutional rights in the Idaho state court criminal case under which he was detained. *Compl.* at 1–3 (citing the First, Fourth, Fifth, and Sixth Amendments). When Plaintiff filed this action, his state criminal charges were still pending, but the current status of those charges is unclear.[1]

## 3.    Discussion

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The Complaint fails to state a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

---

[1] It appears that Plaintiff pleaded guilty in February 2025 to possession of a controlled substance and that Plaintiff's sentencing was set for May 19, 2025. *See* Bannock County iCourt Database, Case No. CR03-24-05383, https://icourt.idaho.gov/ (accessed April 29, 2025). This may or may not be the criminal case that Plaintiff is challenging in the instant action.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

### A.    Plaintiff's Claims Appear Subject to Dismissal Because They Challenge State Criminal Charges or a Criminal Conviction

If Plaintiff's criminal charges are still pending in state court, this case is likely subject to dismissal under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that federal courts usually must abstain from hearing civil rights actions that challenge pending state criminal proceedings. A court can hear such an action only if "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46.

A federal court should abstain under *Younger* if three factors are present: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a court may entertain the action only if "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate"; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions"; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53–54.

If Plaintiff has been convicted of the state criminal charges against him, his claims are likely barred by a different legal doctrine, announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that any civil rights claim that would "render a conviction or sentence invalid … is not cognizable under § 1983." *Heck v. Humphrey*,

512 U.S. 477, 486–87 (1994).

As the Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted).

In this action, the status of the state criminal case against Plaintiff is unclear. If Plaintiff files an amended complaint, he must explain the status of that case and set forth how his current claims are related to that case.

    **B.    *Even If Plaintiff's Claims Are Not Barred by* Younger *or* Heck*, the Complaint Still Fails to State a Plausible Civil Rights Claim***

The allegations in the Complaint are overly vague and generalized and are insufficient to state a claim upon which relief may be granted. To aid Plaintiff in drafting an amended complaint, the Court sets forth the following standards of law, which appear to apply to Plaintiff's claims.

       i.    <u>Access to Courts Claims</u>

Plaintiff states that he has been denied access to the courts in his state criminal case. He claims that certain documents, "such as police reports[] [and] transcripts from

hearings," are unaccounted for. *Compl.* at 2.

Inmates have a First and Fourteenth Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right to access the courts is limited and applies only to direct appeals from convictions for which prisoners are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Id.* at 354–55.

A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that caused the frustration of the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Christopher v. Harbury*, 536 U.S. 403, 415–17 (2002).

The Constitution guarantees an accused "the right to represent himself or herself pro se or to be represented by an attorney," but it does not include a right to elect to be represented by counsel and *also* to represent oneself or serve as one's own co-counsel. *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *see also McKaskle v. Wiggins*,

465 U.S. 168, 183 (1984) ("holding that the right to represent oneself "does not require a trial judge to permit 'hybrid' representation …."). Therefore, the right of access to the courts does *not* extend to a prisoner who is represented by counsel in the proceeding with respect to which he claims a right of access. If an inmate is represented by counsel in that underlying proceeding, he does not have his own, separate right to access the courts from behind prison walls with respect to that proceeding. *See Byerly v. Idaho Bd. of Corr.*, No. 1:19-CV-00229-DCN, 2019 WL 3848783, at *4 (D. Idaho Aug. 14, 2019) ("If Plaintiff has indeed chosen to be represented by counsel in his pending criminal case, he cannot now complain that he should be allowed to access the courts in that case apart from that counsel.").

      ii.     <u>Fifth Amendment Claims</u>

Plaintiff also cites the Fifth Amendment. That amendment guarantees (1) the right to a grand jury in federal criminal cases, (2) the right not to be subject to double jeopardy, (3) the right to be free from compelled self-incrimination, (4) the right to due process from the federal government, and (5) the right to compensation from the taking of private property for public use. *See* U.S. Const., amend. V. None of these rights appears to be implicated by the allegations in the Complaint.

      iii.     <u>Sixth Amendment Claim</u>

Plaintiff alleges that he has been denied the right to represent himself in his state court criminal proceedings. Dkt. 1 at 2. However, the Complaint reveals that, though Plaintiff initially wanted to fire his attorney, the trial judge "talked [Plaintiff] into keeping him." Dkt. 1-1 at 2. Because Plaintiff chose to continue to be represented by counsel, his

Sixth Amendment right to self-representation was not violated. *See Faretta v. California*, 422 U.S. 806, 807 (1975) (holding that defendant in state criminal trial has a Sixth and Fourteenth Amendment right to proceed without counsel when he voluntarily and intelligently elects to do so, and that the state may not force a lawyer on defendant). To the extent Plaintiff alleges that he attempted to fire his attorney at other times, the Complaint does not plausibly allege that Plaintiff voluntarily and intelligently waived his right to any counsel, as opposed to simply wanting different counsel. *See* Dkt. 1-1 at 3 ("I once again tried to fire representation ....").

iv.     Challenge to Plaintiff's Detention

Plaintiff describes his detention in the Bannock County Jail as a "hostage situation" and claims the detention was illegal. *Compl*. at 1. This appears to be a false imprisonment claim.

The Fourth Amendment "requires that arrest warrants 'be based upon probable cause, supported by Oath or affirmation.'" *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (quoting U.S. Const., amend. IV). Generally speaking, "every arrest, and every seizure having the essential attributes of a formal arrest, is unreasonable unless it is supported by probable cause." *Michigan v. Summers*, 452 U.S. 692, 700 (1981).

Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). Where an arrest is made pursuant to a warrant, the arrest violates the Fourth Amendment if "a reasonably well-trained officer in [defendant's] position would have known that his affidavit failed to establish probable

cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986). If an arrest warrant contains allegedly false statements, a plaintiff may establish a colorable § 1983 claim if the officer who made the statements in the warrant did so either (1) knowingly and intentionally, or (2) with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 155 (1978).

When a detention occurs as the result of an arrest without probable cause, a false imprisonment claim arises under the Fourteenth Amendment's protection against deprivations of liberty without due process. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979). Under § 1983, a plaintiff must meet the elements of common law false imprisonment[2] and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). The plaintiff also needs to show that the persons detaining him were involved in or aware of the wrongful nature of the arrest. *Id*. at 1526–27. Finally, "a false imprisonment ends once the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (emphasis omitted).

Plaintiff's allegation that his detention was illegal and amounted to a hostage situation is insufficient to plausibly allege that Plaintiff was detained without due process of law. The Complaint does not suggest that Plaintiff was arrested without probable cause or that he was not bound over pursuant to legal process.

---

[2] The elements of common law false imprisonment in Idaho are (1) restraint of the physical liberty of another (2) without legal justification. *Clark v. Alloway*, 170 P.2d 425, 428 (Idaho 1946).

### 4.    Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that his claims are not barred by *Younger* or *Heck*, as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

## ORDER

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2.    If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

DATED: May 29, 2025

David C. Nye
Chief U.S. District Court Judge

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).